UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: JAMES D. JORDAN IRS SUMMONS LITIGATION

| | |
|---|---|
| James D. Jordan v. United States of America, et al., S.D. Indiana, C.A. No. 1:11-00008 | MDL No. 2251 |
| James D. Jordan v. United States of America, et al., S.D. Ohio, C. A. No. 1:11-00006 | |

ORDER DENYING TRANSFER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, petitioner in two actions moves to centralize the litigation in the District of New Mexico.[1] Common defendants the United States of America, the Internal Revenue Service (IRS), and Lara McIntosh, an agent with the IRS, oppose centralization.

On the basis of the papers filed and hearing session held, we conclude that Section 1407 centralization would not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. The two actions in this litigation involve efforts by petitioner to quash third-party summonses issued by McIntosh in connection with an IRS investigation. Actions such as these are generally summary in nature, *see, e.g., Robert v. United States*, 364 F.3d 988, 999 (8th Cir. 2004), and movant has not convinced us that Section 1407 centralization is warranted under the circumstances. *See In re: Crystal Poole IRS Summons Litig.*, 763 F. Supp. 2d 1371 (J.P.M.L. 2011); *In re: Good Karma, LLC, et al., IRS Summons Litig.*, 528 F. Supp. 2d 1361 (J.P.M.L. 2007).

---

[*] Judge Paul J. Barbadoro and Judge Marjorie O. Rendell took no part in the disposition of this matter.

[1] As filed, the Section 1407 motion encompassed four other actions, one in the Northern District of Illinois and three in the Southern District of Texas. Those actions, however, have since been dismissed.

- 2 -

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these two actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil         W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.     Barbara S. Jones